IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GILBERT MABRY,<br>    Plaintiff,<br><br>v.<br><br>TINA HILDEBRANDT, d/b/a<br>PHILADELPHIA AUTO BODY and<br>ED HILDEBRANDT, d/b/a<br>PHILADELPHIA AUTO BODY,<br>    Defendants. | CIVIL ACTION<br>NO. 14-5525 |

**Jones, II    J.**                                                                                                    **August 24, 2015**

## MEMORANDUM

On September 26, 2014, Gilbert Mabry ("Plaintiff") filed suit against his former employers, Tina Hildebrandt and Ed Hildebrandt, doing business as Philadelphia Auto Body (collectively "Defendants"). (Dkt No. 1 [hereinafter Compl.].) Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA") by terminating Plaintiff because Plaintiff complained that he was not being paid overtime compensation, (Compl. ¶¶ 23-25) (Count I); that Defendants failed to pay Plaintiff overtime compensation in violation of the FLSA, (Compl. ¶¶ 26-28) (Count II); that Defendants violated the Pennsylvania Minimum Wage Act, (Compl. ¶¶ 29-31) (Count III); and that Defendants violated Pennsylvania wage and collection laws. (Compl. ¶¶ 32-34) (Count IV). On November 25, 2014, Defendants answered the Complaint, denying all material factual allegations. (Dkt No. 5 [hereinafter Answer].) A settlement conference was held before the Honorable Lynne A. Sitarski, United States Magistrate Judge on February 4, 2015. (Dkt No. 14.)

1

On July 14, 2015, Defendants filed an unopposed motion to file the settlement agreement for the Court's approval under seal. (Dkt No. 16.) The Court denied the motion, holding that Defendants' motion failed to "overcome the strong presumption of access in a FLSA wage-settlement matter." (Dkt No. 17.)

On August 3, 2015, the parties jointly moved for approval of the Settlement Agreement, (Dkt No. 18 [hereinafter Mot.]), attaching the Settlement Agreement, (Dkt No. 18, Ex. A [hereinafter SA]), and the Settlement Statement. (Dkt No. 18, Ex. B [hereinafter SS].) The Court grants the Motion in part and denies the Motion in part as described herein.

### I. Background

In his Complaint, Plaintiff claimed that he worked approximately five to ten hours of overtime each week from July 2013 to July 2014 and that Defendants failed to pay him at a rate of time-and-a-half for these hours; the total amount claimed was roughly $9,000.00. (Compl. ¶¶ 14, 17, 20, 26-28, 33.) Plaintiff also sought back pay from the date of his termination through the date of the verdict. (Compl. at 6.) Using the settlement date as the "verdict" date, Plaintiff was alleging approximately $21,000.00 in damages. (Mot. at 4.)

### II. Standard of Review

As a preliminary matter, it is unsettled in the Third Circuit whether a district court needs to approve a private FLSA settlement. This Court joins the majority of our sister courts in holding that private settlements of FLSA suits are enforceable either through (1) supervision by the Department of Labor, or (2) upon "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA

provisions." *Lynn's Food Stores, Inc. v. Dept. of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982); *accord Lyons v. Gerhard's Inc.*, 2015 WL 4378514, at *1 (E.D. Pa. 2015); *Keller v. TD Bank, N.A.*, 2014 WL 5591033, at *14 (E.D. Pa. 2014); *McGee v. Ann's Choice Inc.*, 2014 WL 2514582, at *2 (E.D. Pa. 2014); *In re Chickie's & Pete's Wage and Hour Litigation*, 2014 WL 911718, at *2 (E.D. Pa. 2014); *Adams v. Bayview Asset Mgmt., LLC*, 11 F. Supp. 3d 474, 476 (E.D. Pa. 2014); *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012); *Williams v. Securitas Sec. Services USA, Inc.*, 2012 WL 5451802, at *3 (E.D. Pa. 2012). A proposed settlement resolves a bona fide dispute where the terms of the settlement "reflect a reasonable compromise over issues, such as…back wages, that are actually in dispute" and is not a "mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355.

Having determined that the settlement concerns a bona fide dispute, courts will engage in a two-part analysis. Courts will address whether the settlement is fair and reasonable for the employee(s) and whether the agreement furthers or impermissibly frustrates the implementation of the FLSA in the workplace. *See, e.g.*, *McGee*, 2014 WL 2514582, at *2 (citing *Altenbach v. The Lube Ctr., Inc.*, 2013 WL 74251, at *1 (M.D. Pa. 2013)); *see also Lyons*, 2015 WL 4378514, at *3; *In re Chickie's & Pete's*, 2014 WL 911718, at *2 (quoting *Dino v. Pennsylvania*, 2013 WL 4041681, at *3 (M.D. Pa. 2013)).

### III. Discussion

#### a. There remains a "bona fide" dispute.

There is a bona fide dispute between the parties. Plaintiff's Complaint concerned fact-dependent allegations under both state and federal laws. In their Answer to Plaintiff's Complaint,

Defendants denied all material factual allegations. (Answer ¶¶ 17, 19-21.) In their Motion, the parties represent to the Court that they continue to factually dispute:

> (1)Whether Mr. Mabry ever worked more than 40 hours per week during his employment with Defendants; (2) whether Plaintiff was told to clock out and continue to work "off-the-clock;" (3) whether Plaintiff ever complained to Defendants about his wages, compensation and/or alleged overtime hours; and (4) the circumstances surrounding the termination of Plaintiff.

(Mot. at 10-11 (internal citations omitted.)) With so many material, factual questions remaining disputed, the Court is satisfied that this is a bona fide dispute.

### b. The Settlement for the FLSA claims is fair and does not frustrate the purposes of the FLSA; excepting the confidentiality provision which frustrates the purposes of the FLSA.

The Settlement Agreement provides due compensation for the alleged unpaid overtime work completed by Plaintiff. (Mot. at 11.) The Court finds that the compensation terms of the settlement are fair and reasonable. Defendants continue to deny liability. Thus, resolution of these claims via trial would be expensive and difficult for Plaintiff. Resolution of these claims via settlement resolves a bona fide dispute without violation of the purposes of the FLSA.

The only point of the Settlement Agreement requiring further inquiry is the confidentiality clause. The Settlement includes the following provisions:

> 5. CONFIDENTIALITY. Mr. Mabry shall not disclose to others the fact or terms of this Agreement, except that Mr. Mabry may disclose such information to his spouse, attorney, and/or accountant (in order for such individuals to render professional services to Mr. Mabry), so long as such individuals agree to keep such information confidential. For all other purposes, Mr. Mabry must tell any person or entity who inquires that this is a private matter and he is not able to discuss it. This confidentiality obligation expressly applies to inquiries from any person or entity, including but not limited to inquires received from family members (other than Mr. Mabry's spouse), friends, former co-workers and/or the media.
>
> 5.1 Mr. Mabry expressly acknowledges that maintaining the confidentiality of this Agreement is a material term of the Agreement.

(Settlement Agreement at 3-4.)

The Court cannot approve this unnecessarily restrictive provision as it frustrates the purposes of the FLSA. *See, e.g.*, *Brown v. TrueBlue, Inc.*, 2013 WL 5408575, at *3 (M.D. Pa. 2013); *Altenbach*, 2013 WL 74251, at *3; *Brumley v. Camin Cargo Control, Inc.*, 2012 WL 1019337, at *7 (D.N.J. 2012) (collecting cases).

The parties argue to the Court that the confidentiality provision is "limited" and that it does "[not] limit Plaintiff from all communications regarding this matter." (Mot. at 12.) This is a very literal use of the word "all." The provision is so restrictive that Plaintiff may only speak with his spouse, but not with any other family members. Most importantly in the FLSA context, Plaintiff is outright banned from speaking to any former coworkers or friends.

Such an extreme restriction stands against the weight of case law in this Circuit. The Court notes that the cases cited by the parties to support this confidentiality clause are inapposite. Courts have approved truly "limited," or narrowly drawn, confidentiality or non-disparagement clauses only where the clauses did not prevent plaintiffs from discussing the settlements with defendants' employees. *See, e.g.*, *Lyons*, 2015 WL 4378514, at *5 (approving settlement where it did not have a confidentiality clause that would "prevent either party from publicly discussing its terms"); *McGee*, 2014 WL 2514582, at *3 (approving a confidentiality clause where it prohibited the plaintiff from speaking with the media, but permitted the plaintiff to share the terms of the settlement with "friends, family, employees, and individuals not affiliated with the media"); *In re Chickie's & Pete's*, 2014 WL 911718, at *3 (approving a confidentiality clause where the clause did not "prohibit Plaintiffs from discussing this matter with anyone, but only prohibits Plaintiffs from disparaging Defendants or discussing the substance and negotiations of this matter with the press and media").

5

"There is 'broad consensus' that FLSA settlement agreements should not be kept confidential." *Brown*, 2013 WL 5408575, at \*3 (citing *Brumley*, 2012 WL 300583, at \*3). The FLSA was enacted to combat "inequalities in bargaining power between employers and employees." *Lynn's Food Stores*, 679 F.2d at 1352 (citing *Brooklyn Savings Bank v. O'Neill*, 324 U.S. 697, 706 (1945)). Approving the section five confidentiality clauses would create new imbalances of information between Defendants and their employees. The Court cannot approve a wide-sweeping confidentiality provision that prohibits, and penalizes, Plaintiff for sharing information about the circumstances of this case with Defendants' employees. The "public-private character" of employee rights under the FLSA means that the public, including current, former, or potential employees of Defendants, has an interest in assuring that employee wages are fair. Thus, the Court rejects the entirety of the section five confidentiality clauses as they "promote[] silencing employees who have vindicated their rights under the FLSA." *Brown*, 2013 WL 5408575, at \* 3.

In contrast, the Court notes that the non-disparagement clause of the Settlement Agreement does not frustrate the purposes of the FLSA. *See, e.g.*, *Lyons*, 2015 WL 4378514, at \*5; *In re Chickie's & Pete's*, 2014 WL 911718, at \*3.

For these reasons, the Court approves the Settlement Agreement, excepting the entirety of the confidentiality clauses found in section five of the Settlement Agreement.

### c. The attorney's fees requested are reasonable.

Under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff…allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Courts determine attorney's fees under either the lodestar method or the percentage-of-recovery method. *Chickie's & Pete's*, 2014 WL 911718, at \*4. The percentage of

recovery is the prevailing method used by courts in the Third Circuit for wage and hour cases. *Keller*, 2014 WL 5591033, at *14 (citing *Bredbenner v. Liberty Travel, Inc.*, 2011 WL 1344745, at *19 (D.N.J. 2011)). The percentage-of-recovery method awards class counsel a fixed portion of the settlement fund. *McGee*, 2014 WL 2514582, at *4.

The Court finds it appropriate to apply the percentage-of-recovery method here. In this Circuit, the percentage of the recovery award in FLSA common fund cases ranges from roughly 20-45%. *See Rouse v. Comcast Corp.*, 2015 WL 1725721, at *12 (E.D. Pa. 2015) (allowing percentage-of-recovery for attorney's fees at roughly 35%); *Lyons*, 2015 WL 4378514, at * 5 (same, 44%); *Leap v. Yoshida*, 2015 WL 619908, at *4 (E.D. Pa. 2015) (same, 33%); *Keller,* 2014 WL 5591033, at *14 (same, 20%); *McGee*, 2014 WL 2514582, at *4 (same, 32.7%); *In re Chickie's & Pete's*, 2014 WL 911718, at *4 (same, 28%); *Young v. Tri County Sec. Agency, Inc.*, 2014 WL 1806881, at *8 (E.D. Pa. 2014) (same, 24.8%); *Dino v. Pennsylvania*, 2013 WL 6504749, at *3 n. 1 (E.D. Pa. 2013) (same, 31%); *Brumley*, 2012 WL 1019337, at *3 (same, 33.3%); *Ripley v. Sunoco, Inc.*, 287 F.R.D. 300, 313-14 (E.D. Pa. 2012) (same, 33%); *Bredbenner*, 2011 WL 1344745 (same, 32.6%); *Williams v. Aramark Sports, LLC*, 2011 WL 4018205, at *10 (E.D. Pa. 2011) (same, 33%).

In this case, Plaintiff's counsel requests 40% of the recovery. This percentage represents the very highest of the range of the recovery allowed by courts in this Circuit regarding collective and class action settlements; *and this case is neither*. Moreover, counsel has taken no depositions nor conducted substantial discovery. *Compare Lyons*, 2015 WL 4378514, at *5 (allowing a 44% recovery where counsel reviewed roughly 12,000 pages of documents and conducted a deposition). However, according to the Motion, counsel worked for seventy-five hours on this case and counsel "propounded three (3) sets of Interrogatories; two (2) sets of

7

Document Requests; one (1) set of Requests for Admission; and drafted a deficiency letter." (Mot. at 5 n. 2, 14.)

The Court finds that the high percentage is reasonable given the actual total recovery. While the percentage is high, the total amount recovered by counsel is significantly less than the lodestar crosscheck analysis would have permitted. The lodestar crosscheck is performed by calculating the "lodestar multiplier." *In re AT & T Corp.,* 455 F.3d 160, 164 (3d Cir. 2006). The multiplier is determined by dividing the requested fee award, determined from the percentage-of-recovery method, by the lodestar. *Id.* To determine the lodestar method's suggested total, the court multiplies "the number of hours reasonably worked on a client's case by a reasonable hourly billing rate for such services based on the given geographical area, the nature of the services provided, and the experience of the attorneys." *In re Rite Aid Corp. Secs. Litig.,* 396 F.3d 294, 305 (3d Cir. 2005). To determine the number of hours used in calculating the lodestar, courts must exclude hours that are "excessive, redundant, or otherwise unnecessary." *McKenna v. City of Phila.,* 582 F.3d 447, 455 (3d Cir. 2009).

In this case, counsel submits that the fee as calculated under the lodestar method is $15,000 plus $10,395.00 in costs. (Mot. at 14.) In contrast, the fee requested under the percentage-of-recovery method is $4,309.83 (inclusive of costs). The fee request under the percentage-of-recovery method is not a multiplier of the lodestar method. Thus, the lodestar cross-check supports the requested amount. The Court approves the requested 40% of recovery given that the total amount recovered is significantly less than the lodestar method would permit.

### IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part the parties' Motion for approval of the Settlement Agreement. The Court approves the Settlement Agreement,

excepting the entirety of the confidentiality clauses found in section five of the Settlement Agreement.